■ In the Matter of EUGENE W. O'GORMAN, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.— Respondent was admitted to the Bar by this court on November 3, 1960. Petitioner moves for confirmation of the report of Honorable George Boldman to whom the issues in this disciplinary proceeding were referred to take testimony and report. Respondent is charged with professional misconduct in eight specifications, consisting of conversion of estate funds; general neglect of the estates; contumacious disregard of orders of the Surrogate's Court relative thereto; and failure to obtain a title insurance policy for a client, neglect of his affairs and conversion of an escrow fund of $250, part of which represented the premium for the title insurance policy. At a hearing before the Referee, at which respondent was represented by counsel, respondent withdrew his answer, admitted all the allegations of the petition, and gave brief testimony in mitigation of the admitted misconduct. Exhibits were introduced, consisting of copies of papers recently filed in Surrogate's Court for judicial settlement of respondent's accounts as fiduciary in the estates in question, together with a bank account containing $11,000 in escrow, as security for payment of all sums that might be found by the Surrogate to be due persons interested in the estates. In mitigation respondent testified that at all times he had sufficient funds in his mother's name to satisfy his obligations in both estates and, while conceding commingling of funds, he

denied any intent to commit a dishonest act. He explained that he had been engaged in various business ventures; had succeeded to a busy law practice left by his father; developed a drinking problem which caused the break-up of his marriage, losses in business and, eventually, his complete inability to attend to his law practice. The motion to confirm the Referee's report is granted and respondent found guilty of professional misconduct consisting of conversion of clients' funds, commingling and neglect of clients' affairs. Taking into consideration respondent's otherwise good record, as well as the mitigating circumstances to which he testified, we determine that respondent should be suspended for one year and until further order of this court. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.